IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL EMERSON NORTON,

    Petitioner,

v.

ISRAEL JACQUEZ, in his official capacity
as Warden, FCI Sheridan,

    Respondent.

Case No. 3:23-cv-01835-AR

**FINDINGS AND RECOMMENDATION**

**ARMISTEAD, United States Magistrate Judge**

Petitioner Daniel Emerson Norton, an adult in custody at FCI Sheridan, petitions for 28 U.S.C. § 2241 habeas relief, alleging that he was unable to complete the Residential Drug Abuse Program ("RDAP") at FCI Sheridan due to scheduling issues. Norton asks the Court to order the Bureau of Prisons ("BOP") to grant him early release credit as if he had completed the RDAP course, or to transfer Norton to another BOP facility with more RDAP options. For the reasons explained below, Norton's Petition for Writ of Habeas Corpus should be denied.

**BACKGROUND**

On November 18, 2019, Norton was convicted in the Southern District of Ohio on charges of conspiracy to commit wire fraud, concealment money laundering, and tampering with

documents or proceedings, and was sentenced to 96 months of imprisonment. Declaration of Benjamin Brieschke in Response to Petition for Writ of Habeas Corpus, ECF No. 11 ("Brieschke Decl."), ¶ 3, Exh. 1, p. 2. Norton's current projected good conduct release date is October 26, 2026. Brieschke Decl., ¶ 3, Exh. 1, p. 1. Norton has earned an additional 365 days of early release credit under the First Step Act ("FSA") and his projected FSA early release date is October 26, 2025.

In his Petition, Norton asserts that a December 2022 RDAP class at FCI Sheridan was delayed by two weeks due to staffing shortages. He does not allege whether he was enrolled in that class or, if so, why he did not complete that class. Norton alleges that a later scheduled RDAP class would conflict with his eligibility for pre-release placement in home confinement. He seeks an order requiring the BOP to either award him good time credits as if he had completed the program or transfer him to another facility with more RDAP class availability. Respondent asserts that the court lacks the power to grant Norton the relief sought and, accordingly, should dismiss the Petition for lack of subject matter jurisdiction.

## LEGAL STANDARDS

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States.".28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

## DISCUSSION

In 1990, Congress passed legislation requiring the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of

substance addiction or abuse." 18 U.S.C. § 3621(b). This led the BOP to develop RDAP which, according to congressional statute, is "subject to the availability of appropriations." 18 U.S.C. § 3621(e)(1)(C). To incentivize prisoners to participate in RDAP, Congress passed in 1994 another law that allows the BOP, in its discretion, to award successful participants with an early release benefit not to exceed one year. 18 U.S.C. § 3621(e)(2)(B). Thus, the early release benefit is only a possibility because the BOP retains "broad discretion to grant or deny the one-year reduction." *McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999); *see also Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000) (the BOP may deny even successful RDAP participants the early release benefit). The BOP has discretion to determine whether an inmate is eligible for RDAP early release credit, and federal courts lack jurisdiction to review such determinations. *See Lopez v. Davis*, 531 U.S. 230, 240-41 (2001); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

Norton is one of several prisoners at FCI Sheridan who took issue with the fact that the BOP temporarily discontinued RDAP due to staffing shortages. *See, e.g.*, *Tackett v. Jacquez*, Case No. 3:23-cv-01928-JE, 2024 WL 4124323 (D. Or. Aug. 9, 2024); *Barragan v. Jacquez*, Case No. 3:24-cv-00021-JE (D. Or. Aug. 9, 2024); *Enciso v. Jacquez*, Case No. 3:23-cv-01965-JE, 2024 WL 4124324 (D. Or. Aug. 9, 2024). As Judge Jelderks explained in each case, setting aside the fact that staffing shortages could very well fall under the category of "available appropriations" identified within 18 U.S.C. § 3621(e)(1)(C), to establish habeas corpus jurisdiction, Norton must show that a decision in his favor would necessarily result in his speedier release from prison. "[C]laims that if successful would not necessarily lead to the invalidity of custody are not at the core of habeas corpus." *Pinson v. Carvajal*, 69 F.4th 1059,

3 – FINDINGS AND RECOMMENDATION
*Norton v. Jacquez*, 3:23-cv-01835-AR

1071 (9th Cir. 2023). Instead, the petition must present the question of whether "the detention itself is without legal authorization." *Id*. at 1070.

As in the cases noted above, Norton asks the court to order his speedier release or transfer, but this is of no consequence to the jurisdictional question because "a successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas." *Id*. at 1073. Instead, "the proper analytical tack when determining whether actions like [this one] are at the core of habeas is to consider why release from confinement is necessary to remedy the underlying alleged violation." *Id*. at 1072.

A court order requiring the BOP to release Norton from his prison sentence before it expires is not legitimately at issue. Not only did Congress not intend for felons to serve a lesser sentence due simply to the unavailability of RDAP at an institution, but discretionary release from a valid sentence cannot lead to the conclusion that the "detention itself is without legal authorization." *See id.* at 1070. And Norton's request for early release asks the court to assume that: (1) if RDAP were available at Sheridan, he would have successfully completed the program; and (2) were he to successfully complete RDAP at Sheridan, the BOP would exercise its discretion to award him with the early release benefit of § 3621. The fact that early release would have only been a possibility for Norton had RDAP not been delayed at Sheridan is too speculative for this case to lie at the core of habeas corpus. Accordingly, this Court lacks jurisdiction to order the BOP to provide Norton with early release credit for RDAP participation.

Likewise, the court lacks the power to order BOP to transfer Norton to another facility to complete RDAP. The BOP has authority to designate the place of imprisonment, and such designations are statutorily exempted from judicial review. *See* 18 U.S.C. § 3621(a)-(b); *Ahmad v. Jacquez*, No. 20-35536, 860 F. App'x 459, 2021 WL 2769046, at *2 (9th Cir. July 1, 2021)

(holding that § 3621(b) strips the court of jurisdiction to consider an inmate's individual challenge to BOP's designation decision).

## CONCLUSION

For the above reasons, Norton's Petition for Writ of Habeas Corpus (ECF No. 1) should be DENIED and a judgment of dismissal should be entered.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a District Judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: September 25, 2025

/s/ Jeff Armistead
JEFF ARMISTEAD
United States Magistrate Judge